UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED P. SOLORIO,<br><br>Petitioner,<br><br>v.<br><br>DAVID S. ROBINSON,<br><br>Respondent. | No. 1:20-cv-00828-DAD-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(Doc. No. 10) |

Petitioner Alfred P. Solorio is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 6, 2020, the assigned magistrate judge preliminarily screened the pending petition, found that petitioner had failed to present any cognizable claims for federal habeas relief or any facts in support of his claims, and granted him thirty (30) days to file an amended petition. (Doc. No. 5.) Petitioner did not file an amended petition within the allotted time or otherwise communicate with the court.

Accordingly, on August 18, 2020, the magistrate judge issued the pending findings and recommendations, recommending that the petition be dismissed due to petitioner's failure to obey the court's order directing him to file an amended petition and failure to prosecute this habeas

1

action. (Doc. No. 10.) The findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within ten (10) days after service. (*Id*. at 3.) To date, petitioner has not filed any objections and the time in which to do so has since passed.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on August 18, 2020 (Doc. No. 10) are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;

/////

---

[1] Both the July 6, 2020 order and the August 18, 2020 findings and recommendations were served on petitioner by mail at his address of record, and neither were returned to the court as undeliverable.

2

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 24, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

3